**REVERSE and RENDER in part; AFFIRM in part; and Opinion Filed December 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00433-CV**
_____

**TODD DYER, PHRK INTERVENTION, INC., PHRK INTERVENTION, LLC, AND SOUTHSIDE DEVICE, LLC, Appellants**
**V.**
**MEDOC HEALTH SERVICES, LLC AND TOTAL RX CASE, LLC, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00822**

**MEMORANDUM OPINION**
Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Todd Dyer, PHRK Intervention, Inc., PHRK Intervention, LLC, and Southside Device, LLC (Dyer) appeal the trial court's June 4, 2021 final judgment and order of nonsuit (1) incorporating the trial court's April 29, 2021 order finding that Dyer's underlying motion under the Texas Citizens Participation Act (TCPA) was frivolous and awarding Medoc Health Services, LLC, and Total RX Case, LLC (Medoc), $261,632.82 in attorney's fees pursuant to section 27.009(b) of the civil practice and remedies code and (2) granting a nonsuit with prejudice of all Medoc's

claims against Dyer and dismissing this cause with prejudice to Medoc's refiling of Medoc's claims. In two issues, Dyer argues the trial court abused its discretion in determining that Dyer's TCPA motion was frivolous and, in the alternative, argues that there was not legally sufficient evidence to support the trial court's award of attorney's fees if this Court determines that Dyer's TCPA motion was frivolous. For the reasons that follow, we reverse the trial court's award of attorney's fees to Medoc and render judgment denying Medoc's request for attorney's fees. In all other respects, we affirm the trial court's judgment.

This case began in January 2018 when Medoc filed its original petition asserting claims against Dyer and others alleging loss of business goodwill and the misappropriation and use of Medoc's confidential and proprietary information, intellectual property, and other tangible company property. In February 2018, Dyer filed a motion to dismiss pursuant to the TCPA alleging, among other things, that Medoc's lawsuit was based on and filed in response to text messages intercepted from the telephone of defendant Nicolas Basiti, and these communications were protected under the right of association. On April 24, 2018, the trial court denied Dyer's motion to dismiss. Dyer appealed.

On March 8, 2019, a panel of this Court issued an opinion affirming the denial of Dyer's motion to dismiss. *See Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418 (Tex. App.—Dallas 2019, pet. denied) (*Dyer I*).[1]

**BACKGROUND**

Medoc is a healthcare management services company that uses a proprietary software management system that it does not publicly sell, share, or disclose. *Id.* at 421–22. Basiti, Medoc's former chief technology officer, helped develop the proprietary software. *Id.* at 422. Between July 2017 and October 2017, Basiti and Dyer, the principal owner and primary manager of the PHRK Intervention entities and Southside, exchanged over 1,000 text messages discussing how Basiti was "duplicating every database file folder system" and was "ready to transfer it all." *Id.* In the course of their dealings, Dyer purchased two servers, and Basiti "set up" the servers and said he would "show [Dyer] how to look at the data on them," but Dyer was unsuccessful in accessing the information on the servers. *Id.*

After Medoc learned Basiti was attempting to misappropriate their proprietary software and other confidential information, they conducted an investigation and discovered the text messages between Basiti and Dyer. *Id.* Basiti subsequently signed an acknowledgment stating he had conspired with Dyer to use and disclose

---

[1] As *Dyer I* provides a more fully-developed discussion of the facts of this case, all of which are familiar to the parties, we only set forth those facts from *Dyer I* necessary for our analysis.

Medoc's confidential information, proprietary software, and intellectual property for the purpose of aiding and abetting a competitive business. *Id.*

Medoc sued Dyer, asserting claims for misappropriation of trade secrets, tortious interference with existing contract and with prospective business relations, civil conspiracy, and conversion. As a factual basis for their claims, appellees relied on the text messages, as well as "discussions" and "negotiations," between Basiti and Dyer. *Id.* at 422–23. Dyer filed a motion to dismiss under the TCPA, asserting (1) the text messages between Basiti and Dyer were communications that constituted the exercise of the right of free speech, of association, and to petition; (2) Medoc could not produce clear and specific evidence of each essential element of its claims; and (3) Medoc could not overcome Dyer's valid defenses. *Id.* at 423.

Dyer also stated he learned in April or May of 2017 that a former partner of Medoc had been contacted by an FBI agent. *Id.* The agent asked questions about Medoc, and Dyer's name "came up" during the questioning. *Id.* Dyer stated he "later" learned from Basiti that Basiti had deleted data and communications from Medoc's computer system in response to the federal investigation and "upon information and belief" Basiti used Dyer's servers to preserve that information. *Id.*

Among other things, our prior opinion addressed Dyer's argument that Basiti and Dyer had a right to associate with each other to pursue the "common interest" of allegedly misappropriating and selling or using Medoc's proprietary software and confidential business information. *Id.* at 425. We concluded that, because the text

–4–

messages between Basiti and Dyer were private communications related to an alleged conspiracy between the two men and did not involve public or citizen's participation, it would be "illogical" to apply the TCPA to those communications. *Id.* at 426. Further, we determined that construing the statute such that Dyer would have a "right of association" based solely on Dyer's and Basiti's private communications allegedly pertaining to the misappropriation of Medoc's proprietary software and confidential business information is an absurd result that would not further the purpose of the TCPA to curb strategic lawsuits against public participation. *Id.* at 426–27.

In reaching this conclusion, we recognized that other courts of appeals have concluded the TCPA's protection of the right of association applies to claims for the misappropriation of trade secrets, conversion, and tortious interference based on (1) communications between the alleged tortfeasors and with individuals they were attempting to hire, and (2) the "common interest" of a competing business enterprise that was allegedly using the misappropriated confidential information. *Id.*; s*ee Morgan v. Clements Fluids S. Tex., LTD.*, 589 S.W.3d 177, 185 (Tex. App.—Tyler 2018, no pet.) (concluding misappropriation of trade secrets claim was based on, related to, or in response to, at least in part, appellants' "communications" among themselves and others and, consequently, claim was based on, related to, or in response to exercise of a TCPA right, satisfying burden under first step of TCPA analysis); *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV,

2018 WL 3118601, at *7–8 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) (concluding tortious interference claims based on hiring employee and claims of interfering with customers related to exercise of right to free speech and right of association as broadly defined by TCPA); *Elite Auto Body LLC v. Autocraft Bodywerks Inc.*, 520 S.W.3d 191, 205 (Tex. App.—Austin 2017, pet. dism'd) (communications aimed at luring away competitor's employees in furtherance of business enterprise showed by a preponderance of the evidence that competitor's legal action was based on, related to, or was in response to exercise of right of association).

Thus, *Dyer I* acknowledged decisions from our sister courts that applied the TCPA to facts similar to the facts here but chose not to follow those decisions. *Id.* at 427. Our prior opinion did not address the issue of whether Dyer's motion to dismiss was frivolous or make any determination on that issue.

On November 20, 2020, Medoc filed a motion requesting attorney's fees totaling $261,682.32 "related to the Dyer Defendants' frivolous TCPA Motion to Dismiss." On April 29, 2021, the trial court signed an order granting Medoc's motion for attorney's fees and awarding Medoc $261,682.32. This order was incorporated into the trial court's June 4, 2021 final judgment. This appeal followed.

## ANALYSIS

In Dyer's first issue, Dyer argues the trial court abused its discretion in determining that Dyer's TCPA motion was frivolous. If the court finds that a motion

–6–

to dismiss filed under the TCPA "is frivolous or solely intended to delay," the court may award court costs and reasonable attorney's fees to the responding party. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). We review the decision to award costs and attorney's fees under TCPA section 27.009(b) for abuse of discretion. *Pinghua Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 712 (Tex. App.—Dallas 2019, no pet.). We review the amount of fees for legal sufficiency of the evidence. *Id.* "Frivolous" is not defined in the TCPA, but as we have explained that "the word's common understanding contemplates that a claim or motion will be considered frivolous if it has no basis in law or fact and lacks a legal basis or legal merit." *Id.* at 717 (quoting *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied) (internal quotations and citations omitted).

The stated purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. While a laudable aspiration, its application has been stretched to the ethical limits of lawyers' creative litigation tactics. The tortured history of TCPA judicial opinions, disparate

and split among the intermediate appellate courts, reflects that the TCPA occupies a shifting position in an ever-changing landscape of Texas jurisprudence.[2]

As noted in *Dyer I*, other Texas courts have applied the TCPA to claims strikingly similar to Dyer's, with a different result. *Dyer I*, 573 S.W.3d at 427. The trial court merely noted that Dyer's TCPA Motion was rejected by this Court and by the Texas Supreme Court and, based upon unarticulated "facts and arguments presented," found the TCPA Motion frivolous.[3] Because Dyer's motion might be, and has been, argued to technically fit within the TCPA's broad framework, we conclude that the trial court abused its discretion on the record before us by impliedly finding that Dyer's TCPA motion had "no basis in law or fact and lack[ed] a legal basis or legal merit" and was therefore frivolous. *See Sullivan*, 551 S.W.3d at 857; *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (concluding that determination of whether cause of action has any basis in law and fact is legal question that courts review de novo). Based upon the split in authority recognized by *Dyer I*, we cannot say that, as a matter of law, Dyer's motion

---

[2] In 2019 the Texas Legislature endeavored through amendments to limit the expansive nature of the TCPA. Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. To date, over 900 appellate decisions have addressed challenges under the TCPA and trial courts are still counting, with blogs and CLE tracking the latest in litigation trends.

[3] The trial court expressly found the dismissal motion frivolous, striking the provision that it was solely intended to delay the proceedings. However, other than its reference to *Dyer I*, there were no express findings to substantiate a determination that the motion had no basis in law or fact or lacked legal basis or legal merit. We decline the opportunity to add to the TCPA morass with a determination or intimation that appellate affirmation of the denial of a TCPA motion, without more express findings, supports or establishes frivolity.

had no basis in law or fact, and we sustain Dyer's first issue attacking the trial court's finding that Dyer's motion to dismiss was frivolous. *See Sullivan*, 551 S.W.3d at 857. In the absence of a valid determination that Dyer's motion was frivolous, the trial court abused its discretion in awarding attorney's fees to Medoc pursuant to section 27.009(b) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b); *Pinghua Lei*, 578 S.W.3d at 712. Because of our disposition of Dyer's first issue, we need not address Dyer's second issue.

We reverse the trial court's award of attorney's fees to Medoc and render judgment denying Medoc's request for attorney's fees. In all other respects, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210433F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TODD DYER, PHRK
INTERVENTION, INC., PHRK
INTERVENTION, LLC, AND
SOUTHSIDE DEVICE, LLC,
Appellants

No. 05-21-00433-CV        V.

MEDOC HEALTH SERVICES,
LLC AND TOTAL RX CASE, LLC,
Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-00822.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding Medoc Health Services, LLC, and Total RX Case, LLC, their attorney's fees, and judgment is **RENDERED** that:

Medoc Health Services, LLC, and Total RX Case, LLC, take nothing on their request for attorney's fees.

In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 14th day of December 2022.